UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, | Case No. 6:22-cv-01635-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| LANE COUNTY, OREGON, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff New Cingular Wireless ("Plaintiff") filed this action against Lane County ("Defendant") alleging violations of the Communications Act of 1934 as amended by the Telecommunications Act of 1996, 47 U.S.C. §§ 253 and 332. Before the Court are cross-motions for summary judgment. Oral argument was held on October 17, 2023. For the reasons below, Plaintiff's motion for summary judgment (ECF No. 26) is denied. Defendant's motion for summary judgment (ECF No. 24) is granted.

Page 1 — OPINION AND ORDER

## BACKGROUND

The material facts of this case are not in dispute. This case arises out of Defendant's denial of Plaintiff's request to site a 150-foot cellular tower (the "Proposed Facility") on a 5-acre parcel in Lane County, Oregon. Compl. ¶ 18, ECF No. 1. On February 18, 2021, Plaintiff submitted an application to the County for approval of its Proposed Facility. *Id.* Following a public hearing, open record period, and comment and response period, the County Hearings Official denied Plaintiff's application for the Proposed Facility on August 3, 2022. *Id.* at ¶ 19. The Hearings Official applied Lane Code § 16.264(e)(4), which requires a telecommunications tower to be located at least 1,200 feet from any dwelling unless "the homeowner(s) who is being encroached upon submits written approval of the encroachment." The Hearings Official found that the Proposed Facility would be within 1,200 feet of at least 11 dwellings, and not all those property owners consented. The Hearings Official further rejected Plaintiff's argument that enforcement of the 1,200-foot setback constituted an unlawful effective prohibition of service under federal law. *Id.* On August 16, 2022, Plaintiff sought reconsideration of the Hearings Official's decision. On September 22, 2022, the Hearings Official affirmed the prior decision. *Id.* at ¶ 20. On October 25, 2022, Plaintiff filed this action alleging one claim of Effective Prohibition under the Telecommunications Act (the "TCA"), 47 U.S.C. §§ 253(a), 47 U.S.C. § 332(c)(7)(B)(i)(II) and requesting declaratory relief and an order mandating that Defendant grant Plaintiff's application for the Proposed Facility.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

The parties argue that they are each entitled to summary judgment on Plaintiff's Effective Prohibition claim under the TCA. In its motion for summary judgment, Plaintiff argues that Defendant violated federal law by denying Plaintiff's Proposed Facility application. Defendant argues that summary judgment on Plaintiff's claim is appropriate because (1) Plaintiff is barred from seeking redress in this Court because it failed to exhaust its remedies within Oregon's land use administration process; and (2) Defendant has not effectively prohibited Plaintiff from providing service in violation of the TCA. Plaintiff argues that summary judgment in its favor is appropriate because there is no genuine factual dispute as to whether Defendant violated the TCA. Because Defendant's exhaustion argument is a threshold question that would preclude this Court's exercise of jurisdiction, the Court considers this argument first.

I.       **Oregon's Two-Step Land Use Administration Process**

Defendant argues that Plaintiff is barred from seeking redress in this Court because it failed to exhaust its remedies within Oregon's land use administration process. Plaintiff argues that this issue is waived because Defendant admitted federal jurisdiction in its Answer (ECF No. 13). The Court, however, may consider subject matter jurisdiction at any stage of a proceeding, regardless of party admissions. *See Augustine v. U.S.*, 704 F.2d 1074 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3). Rule 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) ("Indeed, '[t]he objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)) (bracketing in original).

The TCA authorizes a federal court action seeking redress for a final land use permit denial involving wireless siting. Pl.'s Resp., ECF No. 31 at 2-3. 47 U.S.C. § 332(c)(7)(B)(v) provides that

> [a]ny person adversely affected by any final action or failure to act by a State or local government or instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis.

*Id.* The issue before the Court is thus whether the Lane County Hearings Official's decision denying Plaintiff's Proposed Facility was a "final action" under 47 U.S.C. § 332(c)(7)(B)(v).

Under Oregon's land use system, any alleged errors in a local permitting decision must be heard and decided at the Land Use Board of Appeals ("LUBA") as the second step in the administrative process. *See Dodd v. Hood River County*, 59 F.3d 852 (9th Cir. 1995) (noting that under Oregon law, LUBA has exclusive jurisdiction to review land use decisions); *Coles Valley*

*Church v. Oregon LUBA*, 2020 WL 6287477 (D. Or. 2020) (noting appeal of land use decision to LUBA as part of party's effort to "exhaust state administration of remedies" in order to bring a federal claim). According to the Oregon legislature, establishing LUBA as the common second step in the land use process protects the State's desired uniformity while preserving the autonomy of local processes. *See* O.R.S. Chapter 197. As the Oregon Court of Appeals of Oregon recently stated,

> LUBA was created as part of the comprehensive land use system and was delegated exclusive jurisdiction to review "any land use decision … of a local government[.]" ORS 197.825(1).…"[R]eaching final decisions" is … central to the statutory scheme. ORS 197.805. LUBA was statutorily designed as a specialized tribunal with the ability and capacity to render efficient and conclusive reviews of local and statewide land use decisions.

*Johnson v. Landwatch Lane County*, 327 Or. App. 485, 492-93 (Or. App. 2023).[1]

O.R.S. § 197.825(1) provides, and the Oregon Supreme Court has affirmed, that Oregon land use law assigns LUBA "exclusive jurisdiction" to review a "land use decision," which includes jurisdiction over federal claims. *Dunn v. City of Redmond*, 303 Or. 201 (1987). Under Oregon law, LUBA must reverse or remand a land use decision in which the local government "[i]mproperly construed the applicable law[.]" O.R.S. § 197.835(9)(a)(D). LUBA is an administrative process, and in Oregon it constitutes the necessary second step that must be taken by an applicant dissatisfied with a local government's land use decision. *See* O.R.S. § 197.825(1).

---

[1] The *Johnson* court also noted that
> Oregon's comprehensive land use laws were adopted, generally, to address threats posed to the environment and to the health, safety, prosperity, and welfare of Oregonians by the uncoordinated use of lands within the state. ORS 197.005(1). Our land use laws promote the coordinated use of lands through a system of comprehensive land use goals and plans adopted throughout the state with a clear process for compliance review. ORS 197.005(2).

*Id.* at 493.

Page 5 — OPINION AND ORDER

Section 332(c)(7)(A) of the TCA expressly preserves both State and local authority over siting of personal wireless service facilities. *See* 47 U.S.C. § 332(c)(7)(A). That provision states that "nothing in this chapter shall limit or affect the authority of a State or local government … over decisions regarding the placement, construction, and modification of personal wireless service facilities." *Id.* The plain meaning of 47 U.S.C. § 332(c)(7)(A) preserves the authority of Oregon's administrative scheme. Oregon's two-step land use process provides for exclusive jurisdiction over final actions of local authorities. Within the Oregon scheme, Defendant's denial of Plaintiff's Proposed Facility is not a final action that confers subject matter jurisdiction on this Court.

Plaintiff argues that because this Court heard a TCA claim in 2004 regarding a permit denial by the City of Hillsboro that was not appealed to LUBA, such appeal is not a jurisdictional prerequisite for TCA claims in federal court. *Voice Stream PCS I, LLC v. City of Hillsboro*, 301 F. Supp. 2d 1251, 1256 (D. Or. 2004). In that case, the Court did not address the issue of administrative exhaustion with respect to the claimant's failure to appeal the City of Hillsboro's decision to LUBA. *See id.* A district court opinion is not precedential. While a district court opinion can be instructive, here, because *Voice Stream* is silent on the issue of a final order in Oregon's land use scheme, it does not assist this Court in its analysis. For this reason, the 2004 case does not bear on the issue of Plaintiff's failure to appeal to LUBA as a jurisdictional bar to this action.

Plaintiff contends that requiring an appeal to LUBA to satisfy the "final action" requirement of the TCA would run afoul of Congress's intent for the TCA to allow for rapid deployment of technologies. To this end, Plaintiff cites *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 115-16 (2005) for the proposition that Congress enacted TCA "to promote

competition and higher quality . . . telecommunications services and . . . rapid deployment of new telecommunications technologies, [by, for example] . . . reduction of the impediments imposed by local governments upon the installation of facilities for wireless communications, such as antenna towers" (quotation marks and citations omitted)). Plaintiff also points out that the TCA "demands expedited processing" and, specifically, requires action "within a reasonable period of time." ECF No. 34 at 7. Plaintiff argues that this mandate for expedited review shows that Congress intended for the TCA to supplant Oregon's two-step land use appeal process.

      The Court finds that the State LUBA process is consistent with the TCA's expedited review mandate. As the Court of Appeals of Oregon has noted, "By creating LUBA and giving it exclusive jurisdiction, the legislature created a body with particular expertise to review land use decisions …. Quick disposition of disputed issues is also central to the statutory scheme." *Simon v. Board of Co. Comm. of Marion Co.*, 91 Or App 487, 489, 755 P.2d 741 (1988). As that court noted more recently in *Johnson*, LUBA's "design serves the statutory preference for speed and finality … because it makes it possible for LUBA to quickly and conclusively deliver sound reviews of land use decisions." *Johnson*, 327 Or. App. 485 at 493.

      LUBA is required to issue a final decision within 77 days of receiving the record of the local authority's decision and the average LUBA appeal takes about four to eight months from start to finish. O.R.S. § 197.830(13); Oregon Land Use Board of Appeals FAQ, *available at* https://www.oregon.gov/luba/pages/frequently-asked-questions.aspx. Plaintiff filed this case in October 2022 and did not file a motion for summary judgment until June 1, 2023, despite the parties' agreement to forego Rule 26(a)(1) disclosures and the undisputed factual record. *See* Joint Rule 26(f) Report at 2, ECF No. 19. LUBA's process is timely and the TCA's requirement

to expedite the deployment of telecommunications services and new technologies does not require the Court to circumvent the state process.

At oral argument, Plaintiff noted that O.R.S. § 197.015(10)(a)(A)(iii) provides for LUBA's jurisdiction over "final actions" of local land use decisions. In making this point, Plaintiff appears to suggest that the Court should read the word "final" as it appears in the O.R.S. to have the same meaning as the TCA's use of "final." The First Circuit's reasoning in *Global Tower Assets v. Town of Rome* is instructive here. In that case, appellants contended that the opportunity to bring an administrative appeal should not prevent their TCA challenge from going forward in federal court. 810 F.3d 77, 79 (1st Cir. 2016). The First Circuit disagreed, noting that the requirement to seek a final administrative appeal on a local planning board decision barred the claimant's subject matter jurisdiction "in keeping with basic principles of administrative law and the purposes of the TCA[.]" *Id*. at 79. The First Circuit based its conclusion on Maine state law, which only allowed review of a local authority's decision in state court after a "board of appeals had exercised its own independent review." *Id.* The First Circuit reasoned that because the local decision denying a permit to construct a wireless communications tower did "not mark the end of the administrative process[,]" it was not a "final action" for purposes of the TCA. *Id.* That reasoning is on point here. The Court finds that Plaintiff's failure to exhaust the remedies provided for in Oregon's land use administrative process prevented them from obtaining a "final action" for the purposes of bringing a TCA claim against Defendant.

The Court is satisfied that the Hearings Official's denial of Plaintiff's Proposed Facility was not a "final action" under the TCA. 47 U.S.C. § 332(c)(7)(B)(v) does not preempt Oregon's LUBA process and Plaintiff's action under the TCA requires an appeal and decision from

LUBA. Defendant's motion for summary judgment is granted. *See Dodd*, 59 F.3d at 856-57.

Because the Court lacks subject matter jurisdiction, this action is dismissed.

## CONCLUSION

For the reasons above, Defendant's motion for summary judgment (ECF No. 24) is GRANTED. Plaintiff's motion for summary judgment (ECF No. 26) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of October 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
